**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 25-1065

———————

SAMSONDEEN ADEMOLA GOLOBA,
                                                   Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
————————————

On Petition for Review of a
Decision of the Board of Immigration Appeals
(A207-938-810)
(U.S. Immigration Judge: William McDermott)

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 28, 2025

Before: CHAGARES, *Chief Judge*, BOVE, and SCIRICA, *Circuit Judges*.†

(Filed: August 3, 2026)

———————

OPINION*

———————

---

† The Honorable Anthony J. Scirica was unavailable to participate in the decision in this case after submission to the merits panel. This opinion is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d) and 3d Cir. I.O.P. 12.1(b).
* This disposition is not an opinion of the full Court and pursuant to 3d Cir. I.O.P. 5.7 does not constitute binding precedent.

**PER CURIAM.**

Petitioner Samsondeen Ademola Goloba seeks review of a decision by the Board of Immigration Appeals ("BIA") dismissing his appeal from an Immigration Judge's ("IJ") order denying protection under the Convention Against Torture ("CAT"). We will deny the petition.

**I.**

Goloba, a native and citizen of Nigeria, first entered the United States in 2015 on a student visa. He married a United States citizen and became an unconditional lawful permanent resident in 2019. On April 19, 2023, Goloba pleaded guilty to conspiracy to commit bank fraud and was sentenced to twenty months' imprisonment. According to the presentence investigation report, the scheme defrauded over $9 million from more than fifty victims, and bank accounts under Goloba's control received over $1.5 million.

In August 2023, the Department of Homeland Security ("DHS") initiated removal proceedings against Goloba, charging him as removable under 8 U.S.C. § 1227(a)(2)(A)(iii) as an alien convicted of an aggravated felony. DHS alleged that the conviction involved fraud or deceit in which the loss to the victim or victims exceeded $10,000. *See* 8 U.S.C. § 1101(a)(43)(M). The IJ found Goloba removable.

Goloba sought deferral of removal under the CAT, claiming that he would be tortured if returned to Nigeria because he is, and is perceived to be, homosexual. At his hearing, Goloba testified a pastor sexually abused him in 2006, which he claimed led others in his community to perceive him as homosexual and ostracize him. He said he was attacked in 2011 by members of the Oduduwa People's Congress ("OPC"), a

2

vigilante group in Nigeria known for enforcing traditional norms through violence. According to Goloba, the assault and continued social ostracism led him to relocate to a more rural town approximately four hours away from his university. While living there, he entered a relationship with a woman and had a son in the hope of appeasing his deeply religious mother, who disapproved of what she viewed as his homosexual lifestyle. In 2015, after years of what he described as ongoing harassment and violence, he left Nigeria for the United States.

To support his claim for CAT protection, Goloba submitted affidavits, a newspaper article from a Nigerian media outlet portraying him as a victim of persecution, and additional documents discussing the dangers he faces because of his perceived sexual orientation. Goloba maintained that he is a local prince in Nigeria, a status that he contended would heighten his visibility and, in turn, his risk of being targeted for torture.

The IJ identified multiple problems with the credibility of this account. Goloba provided inconsistent dates for the alleged OPC attack. The affidavits he submitted, though purportedly from different declarants, contained strikingly similar phrasing and structure—suggesting they may have been drafted by the same author—and also bore uncanny similarities to an affidavit supposedly by Goloba's uncle in 2006 detailing a pastor's sexual abuse of Goloba. Though purportedly prepared by different authors more than a decade apart, the documents employed nearly identical language and were printed on the same distinctive light tan paper—similarities which Goloba could not explain. While the IJ did not expressly find that Goloba authored the documents himself, the IJ concluded the affidavits had been fabricated by him or someone acting on his behalf.

Other facets of Goloba's record also gave the IJ pause. The newspaper article he offered—recounting his alleged experiences and the violence he faced in Nigeria—omitted details he described as central to his persecution claim, including his asserted status as a prince and the identities of individuals who purportedly corroborated his account. The IJ questioned why those facts would be missing if the article was a bona fide contemporaneous account. And the IJ found Goloba's conduct, including a voluntary return to Nigeria in 2016 and attendance at a party with openly homosexual individuals, inconsistent with his claimed fear. Considering these issues along with his prior fraud convictions, the IJ found Goloba not credible and denied CAT relief. The BIA dismissed his appeal for the same reasons, and Goloba timely filed this petition for review.

## II.

We have jurisdiction to review Goloba's challenge to the denial of his CAT application. *See Laureano v. Att'y Gen.*, 177 F4th 453, 456–457 (3d Cir. 2026). Where a person is subject to removal based on an aggravated felony conviction, however, our review is limited under 8 U.S.C. § 1252(a)(2) to constitutional claims and questions of law. *See Myrie v. Att'y Gen.*, 855 F.3d 509, 515 (3d Cir. 2017). We review legal conclusions de novo. *Filja v. Gonzales*, 447 F.3d 241, 251 (3d Cir. 2006). We review the BIA's decision, though we may also consider the IJ's reasoning to the extent the BIA adopted or relied on it. *Oliva-Ramos v. Att'y Gen.*, 694 F.3d 259, 270 (3d Cir. 2012).

Goloba challenges the denial of his CAT application. An applicant seeking CAT protection must show that he more likely than not will be tortured, either by or with the consent or acquiescence of a public official. 8 C.F.R. §§ 1208.16(c)(2), 1208.17(a).

Goloba's CAT claim fails for a critical reason: he does not challenge the IJ's finding that his account was not credible. Instead, he focuses on what he characterizes as the BIA's failure to address the scope of his claim and its determination that his account had insufficient corroboration. Goloba makes no substantive argument that the IJ's credibility finding was erroneous or unsupported by the record. Because he failed to raise such a challenge in his opening brief, the issue is forfeited and is not properly before the Court. *See Barna v. Bd. of Sch. Directors of Panther Valley Sch. Dist.*, 877 F.3d 136, 145–47 (3d Cir. 2017).

Goloba's failure to contest the credibility determination undermines his CAT challenge. His account of his prior persecution and the dangers he would face in Nigeria are foundational to his contention that he faces a particularized likelihood of torture should he return. But the IJ determined Goloba could not credibly establish that he is or would be perceived as homosexual, or that he faces a risk of torture as a homosexual if removed to Nigeria. The failure to challenge the credibility determination therefore undercuts the foundation on which his case rests.

Goloba attempts to substitute for that foundation. He contends that, even if the IJ rejected his personal account, his country-conditions evidence independently establishes that homosexual individuals in Nigeria face a high likelihood of torture, and the IJ was required under *Myrie* to fully assess that risk. 855 F.3d at 517. He emphasizes that those

5

reports document gross human-rights violations, including laws criminalizing same-sex conduct and widespread violence against persons perceived to be homosexual.

But generalized country-conditions evidence only supports CAT relief where it is tied to the applicant's specific circumstances. *See Sevoian v. Ashcroft*, 290 F.3d 166, 175 (3d Cir. 2002). The IJ did consider Goloba's country conditions evidence, and the IJ acknowledged that a person who is or is perceived to be homosexual in Nigeria would more likely than not be subject to torture if returned. But the unchallenged adverse credibility finding severs the link between Goloba's country conditions evidence and his CAT claim. Even if he presented compelling country conditions evidence, Goloba still needed to show that he would be perceived as homosexual in Nigeria and likely subject to torture if he returned. Because Goloba did not do so, these reports—concerning as they are—do not demonstrate that *he* personally faces a particularized and likely risk of torture. *See Fuller v. Lynch*, 833 F.3d 866, 868–71 (7th Cir. 2016) (concluding a petitioner who did not "credibly establish that he is bisexual" was properly denied CAT relief despite government torture of LGBT individuals in his home country).

Goloba invokes *SEC v. Chenery Corp.*, contending that we may not affirm on a rationale the BIA did not actually rely upon—namely, by combing through the country-conditions evidence ourselves. 318 U.S. 80, 87–88 (1943). But that argument rests on a mistaken premise. The country-conditions evidence is relevant only to the extent that it can be linked to Goloba's own circumstances, and that link depends on his credibly showing that he is, or would be perceived as, a member of the group facing the asserted risk of torture. The BIA affirmed the IJ's finding that he failed to carry that threshold

6

burden due to the adverse credibility determination. That determination is dispositive of his CAT claim. Because our affirmance rests on the same ground, *Chenery* poses no obstacle.

Finally, Goloba contends that the IJ violated his Fifth Amendment right to due process, asserting that the IJ improperly narrowed the scope of his CAT claim. He further contends that the BIA failed to address his argument that record evidence independently established his eligibility for CAT relief. We are not persuaded.

Congress has limited judicial review of final removal orders against noncitizens convicted of aggravated felonies, while preserving review of "constitutional claims or questions of law." 8 U.S.C. §§ 1252(a)(2)(C), (D). That narrow exception does not encompass factual or discretionary determinations recast as constitutional claims. *Jarbough v. Att'y Gen.*, 483 F.3d 184, 190 (3d Cir. 2007) (explaining that due process is violated, for example, where an IJ deprives a petitioner of "notice and a meaningful opportunity to be heard," "a reasonable opportunity to present evidence," or an "individualized determination"). Goloba's due process argument rests on the IJ's credibility and evidentiary findings—matters squarely within its fact-finding authority— and thus affords no basis for relief.

### III.

Goloba forfeited any challenge to the IJ's adverse credibility finding by failing to raise it in his opening brief. That determination is dispositive. Accordingly, we will deny the petition for review.